IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARAH LYNN HENNINGER,

       Plaintiff,                No. CIV S-09-0741 EFB

    vs.

MICHAEL J. ASTRUE, Commissioner
of Social Security,                 ORDER

       Defendant.

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disabled adult child benefits under Title II of the Social Security Act. For the reasons discussed below, the court remands the case for further proceedings consistent with this opinion.

I. BACKGROUND

      Plaintiff filed an application for disabled child benefits on June 9, 1999, alleging a disability onset date of June 26, 1980.[1] Administrative Record ("AR") 94. Her application was

---

[1] Plaintiff had previously filed for Social Security and Supplemental Security Income disability benefits on June 9, 1999, alleging a disability onset date of April 1, 1997. The details of this prior period of disability, including when and how it was determined the disability ended, are not explained, but the ALJ's decision states that "She received disability benefits on that claim." AR 13.

denied initially and upon reconsideration.  *Id.* at 58-61, 49-53.  A hearing was held on August 30, 2007 before Administrative Law Judge ("ALJ") Peter F. Belli.  *Id.* at 456-89.  In a decision dated January 25, 2008, the ALJ determined plaintiff was not disabled.[2]  *Id.* at 13-22.

The ALJ made the following specific findings:

> 1.  The claimant attained age 22 on June 25, 1984, the day before her 22nd birthday (20 CFR 404.102).[3]
>
> 2.  The claimant did not engage in substantial gainful activity from June 26, 1980, the alleged onset date, through June 25, 1984 (20 CFR 404.1520(b) and 404.1571 *et seq.*) . . . .

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Bowen*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

[3] It is unclear what the ALJ meant by stating that plaintiff "attained age 22" before she turned 22.

3.  Prior to attaining age 22, the claimant had the following medically determinable impairment: bipolar affective disorder, and a history of drug abuse (20 CFR 404.1520(c)).

4.  Prior to attaining age 22, the claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR Part 404.1521).

5. The claimant was not under a disability as defined in the Social Security Act, at any time prior to June 25, 1984, the date she attained age 22 (20 CFR 404.350(a)(5) and 404.1520(c)).

*Id.* at 13-22.

Plaintiff requested that the Appeals Council review the ALJ's decision.  However, on August 14, 2008, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  *Id.* at 6-8.

II.  <u>MEDICAL EVIDENCE</u>

The parties have discussed the medical evidence at length in their briefs.  The following is an abbreviated summary of the most pertinent evidence regarding the time period at issue.

In 1979 Dr. Green examined plaintiff in relation to her joining the Air Force.  *Id.* at 133-36.  He concluded that her health was excellent and that she was qualified to join the Air Force. *Id.*  In 1987 Dr. Lackner treated plaintiff for bipolar affective disorder, which he opined had begun in her late teens.  *Id.* at 454.  In an undated letter, he stated that she first became his patient when she was 16, that she was "totally disabled," and that her prognosis was "dismally bad."  *Id.* at 169-170.  Dr. Sutton, plaintiff's uncle, stated in 1999 that plaintiff had bipolar affective disorder beginning in her teens, that "her life was out of control," that "she could not hold a job–her manic episodes usually resulted in termination," and that "[t]he chemical imbalance is permanent and totally disabling."  *Id.* at 167-68.

////

////

3

III.  ISSUES PRESENTED

Plaintiff contends that the ALJ erred in: 1) failing to fully and fairly develop the record in that he failed to utilize the services of a medical advisor to establish onset and failed to advise Ms. Henninger of the benefits of legal counsel, 2) finding that Ms. Henninger did not suffer from a severe impairment during the relevant time period, 3) rejecting the opinions of Ms. Henninger's treating physician regarding the date of onset, 4) finding that drugs were a materially contributing factor to her disability, and 5) failing to credit third party statements as to the nature and onset of her impairment.  Dckt. No. 20 at 2.

IV.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278  F.3d 947, 954 (9th Cir. 2002).

////

1    V. <u>ANALYSIS</u>

2       Plaintiff contends that the ALJ failed to fully and fairly develop the record in that he

3    failed to utilize the services of a medical advisor to establish onset and did not advise plaintiff of

4    the benefits of obtaining legal counsel.  Defendant contends that the ALJ was not required to

5    obtain a medical advisor since he found that plaintiff was not disabled during the relevant time

6    period, and thus did not need to establish the date of the disability onset, and that he was not

7    obliged to advise plaintiff regarding legal counsel.

8       Social Security Regulation ("SSR") 83-20 (1983) provides:

9           [i]n determining the date of onset of disability, the date alleged by
            the individual should be used if it is consistent with all the
10          evidence available.... [T]he established onset date must be fixed
            based on the facts and can never be inconsistent with the medical
11          evidence of record.
            . . . .
12
            In some cases, it may be possible, based on the medical evidence
13          to reasonably infer that the onset of a disabling impairment(s)
            occurred some time prior to the date of the first recorded medical
14          examination, e.g., the date the claimant stopped working.  How
            long the disease may be determined to have existed at a disabling
15          level of severity depends on an informed judgment of the facts in
            the particular case.  This judgment, however, must have a
16          legitimate medical basis.  At the hearing, the administrative law
            judge (ALJ) should call on the services of a medical advisor when
17          onset must be inferred.  If there is information in the file indicating
            that additional medical evidence concerning onset is available,
18          such evidence should be secured before inferences are made.

19      If the medical evidence is not definite concerning the onset date and medical inferences

20   need to be made, SSR 83-20 requires the administrative law judge to obtain a medical expert and

21   to obtain all available evidence to make the determination.  *Armstrong v. Commissioner of Social*

22   *Sec. Admin.*, 160 F.3d 587, 589-90 (9th Cir. 1988).  *See also Morgan v. Sullivan*, 945 F.2d 1079

23   (9th Cir.1991) (reversing in part an ALJ's determination of the onset date of mental disorders

24   without the assistance of a medical expert).  The Ninth Circuit has held:

25   ////

26   ////

> Rather than just inferring an onset date, which would deny a claimant benefits, SSR 83-20 requires that the ALJ create a record which forms a basis for that onset date. The ALJ can fulfill this responsibility by calling a medical expert or where medical testimony is unhelpful, exploring lay evidence including the testimony of family, friends, or former employers to determine the onset date.

*Armstrong*, 160 F.3d at 590.

Defendant argues that because the ALJ determined that plaintiff was not disabled during the relevant time period, he was not required to call a medical expert to determine the onset of disability. Defendant relies on *Sam v. Astrue*, 550 F.3d 808 (9th Cir. 2008). *Sam* held that, in a case where the plaintiff was not disabled "at any time through the date of [the] decision," SSR 83-20 did not apply. *Id.* at 810. *Sam* distinguished this situation from cases where "there was either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured, thus raising a question of onset date." *Id.* at 811.

In this case, it is undisputed that plaintiff was found to be disabled as of April 1, 1997. *See* AR 247; Dckt. No. 21 at 3. Thus, *Sam* has no application here and the ALJ was obliged to obtain the opinion of a medical expert regarding disability onset. The error was compounded when, as discussed below, the ALJ also summarily rejected the medical opinions of two doctors with opinions contrary to that of the ALJ.

In addition, the ALJ had a duty to further develop the record. Where a "claimant is not represented, it is incumbent upon the ALJ 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' He must be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (citations omitted).

The record shows that the ALJ made minimal efforts at best towards developing the record. The ALJ wrote in his opinion that "there is a dearth of objective medical evidence that covers the period prior to June 24, 1984." AR 17. Yet he failed to develop the record and cursorily discounted the medical opinions that did bear on that period. This failure, coupled with

1   the ALJ's conclusion that plaintiff's impairments were non-severe and not warranting further

2   analysis under the regulations, is particularly puzzling given the acknowledgment in the ALJ's

3   decision that plaintiff had previously been found disabled on a prior claim in 1999 due to a

4   mental impairment, and that a subsequent continuing disability review in 2003 confirmed that

5   plaintiff continued to be disabled.  AR 13.  Notwithstanding a significant medical history

6   including night terrors and anxiety following the loss of her father at age 4, a manic attack going

7   into the 7th grade, an 8th grade hospitalization that plaintiff does not even remember, and a clear

8   diagnosis of biopolar disorder for many years, the ALJ refused to credit the July 4, 1999 report

9   by Dr. Layton R. Sutton (referred to by the ALJ as Dr. Layton) opining that plaintiff's mental

10  condition was disabling as early as August of 1987, and the report of Dr. Lackner that plaintiff's

11  condition of bipolar disorder was "totally" disabling with a "dismally bad prognosis."  AR 20-

12  21.  Indeed, Dr. Lackner wrote not only that plaintiff's condition of bipolar disorder was totally

13  disabling, but that it apparently was mis-diagnosed as attention deficit hyperactivity disorder as a

14  child.  AR 169.  His clinical notations of May 1987 state that plaintiff "is tricylclic depressive

15  and episodic depressive for many years, probably dating from adolescence and her teens to the

16  present when she suddenly became manic and establishing her diagnosis of bipolar affective

17  disorder rather than unipolar affective disorder.  Also establishing the fact that the disorder

18  originated while she was still a military dependent."  AR 137.  The ALJ not only wholly

19  discounted the medical opinions of these two doctors, he chose not to obtain an opinion from any

20  other medical expert on the question of when plaintiff's condition originated.  Clearly, the

21  information before the ALJ warranted development of a record upon which an onset date could

22  be established based on some evidence, as well as a determination--based on substantial

23  evidence--as to whether that disability ended, and if so, when.

24        Plaintiff's representative was her mother, who had never appeared at a disability hearing

25  before.  *Id.* at 461.  After plaintiff's mother stated that she wished to offer a doctor's letter

26  regarding plaintiff's diagnosis and her own testimony regarding living with plaintiff as evidence

of plaintiff's disability, the ALJ told her: "It has to be medical information, clinical, diagnostic,
or laboratory findings.  I cannot take anyone's word for it unless it falls in that category.  That's
the law."  *Id.* at 479-80.  Moreover, when plaintiff's mother told the ALJ that she planned to be a
witness, he told her that she could not be a witness if she was a representative.  *Id.*  at 467.  The
following exchange later occurred:

> REP: In order for me to provide the most information, am I able to
> do that best as a witness or a representative?
> ALJ: That's a legal question and as a judge I'm unable to ask it.
> That's your first legal question that you have to solve for yourself
> as the representative.  I cannot be an advocate for the Social
> Security nor could I be an advocate for your daughter, Sarah.
> . . . .
>
> REP: Okay.  I, I guess I'm very confused about which position I
> should be in.
> ALJ: That's your decision, not mine.
> REP: Is, am I allowed to make a long opening statement?
> ALJ: I don't care what you do as long as we get through by 4:30.

*Id.* at 473.

As the ALJ failed to obtain a medical expert to determine the date of disability onset and
failed to develop the factual record, the case must be remanded for further proceedings.  The
court does not reach the remainder of plaintiff's arguments.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C.
§ 405(g); and

4. The Clerk is directed to enter judgment in favor of plaintiff.

DATED:  September 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE